# Docket detail for case 2024-LA-000129

## Overview

Case Number: 2024-LA-000129

Case Type: Tort - Money Damages

Judge: NOLL

Filing Date: 06/11/2024

Status:

Report:

## Plaintiffs

| Name | Attorney |
|---|---|
| JONATHAN MORRISON | Lead: BREANNA HUNT |

## Defendants

| Name | Attorney |
|---|---|
| XPO ENTERPRISE SERVICES LLC | |

## Events

| Date | Events |
|---|---|
| 06/11/2024 | Complaint Amount: $50,000.01 Filed Plaintiff and Attorney: JONATHAN MORRISON & BREANNA HUNT<br>Exhibit 1-notice of dismissal and Closure Filed Plaintiff and Attorney: JONATHAN MORRISON & BREANNA HUNT<br>Tort - Money Damages (over $50,000.00) Fee: $326.00 Amount: $50,000.01 Plaintiff and Attorney: JONATHAN MORRISON & BREANNA HUNT<br>Exhibit 2-dismissal and notice of rights Plaintiff: JONATHAN MORRISON<br>Pursuant to Supreme Court 222 Filed Plaintiff and Attorney: JONATHAN MORRISON & BREANNA HUNT |

**EXHIBIT A**

Privacy - Terms

| Date | Events |
| --- | --- |
| 06/12/2024 | Summons - Issued Defendant: XPO ENTERPRISE SERVICES LLC<br>30 Days<br>Praecipe Filed by Plaintiff and Attorney: JONATHAN MORRISON & BREANNA HUNT |

The information on this page is current as of 07/26/2024. This information is intended to be used as a resource to determine the general status of historical and in-process court cases. This information is not the official record of the court. As such, it should only be used to gain a general understanding of a case's history and disposition. Accordingly, the Clerk of the Circuit Court of Sangamon County, its officers, and employees are not responsible or liable for any loss, consequence, or damage resulting directly or indirectly from use of this information.

REGISTERED AGENT SOLUTIONS INC
A LEXITAS COMPANY

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX 78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

2024-06-27

Service of Process Department
**XPO Enterprise Services, LLC**
c/o Legal Department
2211 Old Earhart Road
Ann Arbor, MI 48105 USA

**NOTICE OF CONFIDENTIALITY**

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: XPO Enterprise Services, LLC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

For additional information and instruction, contact the document issuer: ONDER LAW, LLC

## SERVICE INFORMATION

Service Date: 2024-06-27
Service Time: 1:30 PM CDT
Service Method: Deputy Sheriff

## RASi REFERENCE INFORMATION

Service No.: 0319436
RASi Office: Illinois
Rec. Int. Id.: SYO

## CASE INFORMATION

Case Number: 2024LA000129
File Date: 06/12/2024
Jurisdiction: 7TH JUDICIAL CIRCUIT COURT, SANGAMON COUNTY, ILLINOIS
Case Title: JONATHAN MORRISON V. XPO ENTERPRISES SERVICES, LLC

## ANSWER / APPEARANCE INFORMATION

30 days

*(Be sure to review the document(s) for any required response dates)*

## AGENCY / PLAINTIFF INFORMATION

Firm/Issuing Agent: ONDER LAW, LLC
Attorney/Contact: BREANNA L. FLOWERS
Location: Missouri
Telephone No.: 314-963-9000

## DOCUMENT(S) RECEIVED & ATTACHED

Complaint
Summons
Demand for Jury Trial

## ADDITIONAL NOTES:

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

**STATE OF ILLINOIS, CIRCUIT COURT**

Sangamon **COUNTY**

## SUMMONS

For Court Use Only

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | JONATHAN MORRISON<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>XPO ENTERPRISE SERVICES LLC |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2024LA000129
**Case Number**

# IMPORTANT: You have been sued.

- Read all documents attached to this Summons.
- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

## Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*: XPO Enterprise Services LLC
Registered Agent's name, if any: Registered Agent Solutions, Inc.
Street Address, Unit #: 901 S 2nd Street Suite 201
City, State, ZIP: Springfield, IL 62704
Telephone: ______ Email: ______

In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*: ______
Street Address, Unit #: ______
City, State, ZIP: ______
Telephone: ______ Email: ______

In **1c**, check how you are sending your documents to this Defendant/ Respondent.

c. Method of service on Defendant/Respondent:
☑ Sheriff ☐ Sheriff outside Illinois: ______ *County & State*
☐ Special process server ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**
I have attached ______ (*Number*) *Additional Defendant/Respondent Address and Service Information* forms.

In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.

**2. Information about the lawsuit:**
a. Amount claimed: $ 50,000.00
☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

In **3**, enter your complete address, telephone number, and email address, if you have one.

**3. Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last)*: Breanna L. Flowers
Street Address, Unit #: 110 E. Lockwood Ave.
City, State, ZIP: St. Louis, MO 63119
Telephone: 314-373-6315 Email: flowers@onderlaw.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4. Instructions for person receiving this *Summons* (Defendant):**
☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:
Address: ______
City, State, ZIP: ______

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In 4b, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

☐ b. Attend court:

On: ______________ at ______________ ☐ a.m. ☐ p.m. in ______________
Date Time Courtroom

**In-person at:**

______________________________________________
Courthouse Address City State ZIP

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: ______________________________
*Call-in number for telephone remote appearance*

By video conference: ______________________________
*Video conference website*

______________________________
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: ______________ or visit their website
*Circuit Clerk's phone number*

at: ______________ to find out more about how to do this.
*Website*

STOP!
The Circuit Clerk will fill in this section.

**Witness this Date:** 6/12/2024

**Clerk of the Court:** [signature]

7TH JUDICIAL CIRCUIT SEAL SANGAMON COUNTY, IL
*Seal of Court*

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: ______________________________
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

Enter the Case Number given by the Circuit Clerk: 2024LA000129

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Sangamon COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| **Instructions** | | |
| Enter above the county name where the case was filed.<br>Enter your name as Plaintiff/Petitioner. | JONATHAN MORRISON<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>XPO ENTERPRISE SERVICES LLC<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2024LA000129<br>**Case Number** |

****Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.****

**My name is** ______________________________ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
______________________________ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________
On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
Address, Unit#: ______________________________
City, State, ZIP: ______________________________

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
Address, Unit#: ______________________________
City, State, ZIP: ______________________________
And left it with: ______________________________
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on this date: ____________ .

☐ On the Corporation's agent, ______________________________
*First, Middle, Last*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________
On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
Address: ______________________________
City, State, ZIP: ______________________________

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_______________________________________________
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: ______________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

2. On this date: ______________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

3. On this date: ______________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

**DO NOT** complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_______________________________

*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois:

_______________________________
*County and State*

☐ Special process server
☐ Licensed private detective

_______________________________
*Print Name*

**FEES**

Service and Return: $ __________
Miles __________ $ __________
Total $ __________

If *Summons* is served by licensed private detective or private detective agency:
License Number: ______________________

EFILED
6/11/2024 1:04 PM
Joseph B. Roesch
7th Judicial Circuit
Sangamon County, IL

**IN THE CIRCUIT COURT OF SANGAMON COUNTY**
**SEVENTH JUDICIAL CIRCUIT**
**STATE OF ILLINOIS**

**JONATHAN MORRISON,**

Plaintiffs,

v.

**XPO ENTERPRISE SERVICES, LLC,**
Serve: Registered Agent
Registered Agent Solutions, Inc.
901 S. 2nd Street, Suite 201
Springfield, IL 62704

Defendant.

Cause No.: 2024LA000129

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, JONATHAN MORRISON, (referred to on occasion as "Plaintiff"), by and through their undersigned counsel, and for their cause of actions against Defendant XPO ENTERPRISE SERVICES, LLC (referred to on occasion as "Defendants") state as follows:

## PARTIES AND JURISDICTION

1. Plaintiff JONATHAN MORRISON is a resident and citizen of the City of Springfield, Sangamon County, Illinois.

2. Defendant XPO Enterprise Services, LLC is a Delaware Corporation with a registered office located at 901 S. 2nd Street, Suite 201, Springfield, Illinois.

3. The incidents alleged herein occurred in Sangamon County, Illinois.

4. Venue is proper in the Seventh Judicial Circuit Court because the instances alleged herein arose out of transaction and occurrences in Sangamon County, Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about March 15, 2023, Plaintiff timely filed – with the with the Illinois

Department of Human Rights ("IHDR") and Equal Employment Opportunity Commission ("EEOC") – a charge of discrimination against Defendant on the basis of sex discrimination and retaliation. A copy of said charge of discrimination is attached hereto, marked as "**Plaintiff's Exhibit 1**," and is hereby incorporated as if fully set forth herein.

6. The aforesaid charges of discrimination provided the IHDR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an IHDR or EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

7. Plaintiff received a Notice of Right to Sue letter from the EEOC dated March 15, 2024 and from the IHDR dated April 19, 2024, and this lawsuit is being filed within 90 days of EEOC's issuance of said notice.

8. A copy of Plaintiff's Notice of Right to Sue letters are attached hereto, marked as "**Plaintiff's Exhibits 2**," and is hereby incorporated as if fully set forth herein.

9. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable time frame from the EEOC's issuance of said notice.

**FACTS COMMON TO ALL COUNTS**

10. Plaintiff incorporates and adopts by reference paragraphs 1 through 9 as if fully stated herein.

11. Plaintiff, by virtue of his sex and sexual orientation, is a member of a class of persons protected by the Illinois Human Rights Act ("IHRA").

12. Pursuant to 775 5/1-102(A):

It is the public policy of [Illinois] to secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

13. Pursuant to 775 ILCS 5/6-101(A):

It is a civil rights violation for any employer, employee, agent of any employer, employment agency or labor organization to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment, sexual harassment in elementary, secondary, and higher education, or discrimination based on arrest record, citizenship status, or work authorization status in employment under Articles 2, 4, 5, and 5A, because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act, or because he or she has requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by this Act.

14. On June 27, 2022, Plaintiff was hired by Defendant as a driver sales representative and worked for Defendant until he was terminated on February 6, 2023.

15. Plaintiff is, and was at the time he was terminated, a bisexual male.

16. In October 2022, Defendant rehired and reinstated another driver, Bill Patton, that was suspended from work for threatening another employee of Defendant.

17. In November 2022, Bill Patton began ridiculing, harassing, and making derogatory comments about Plaintiff's sexual orientation as a bisexual man, including but not limited to name calling Plaintiff homophobic names and/or slurs, creating and spreading false rumors about Plaintiff to other coworkers, intentionally attempting to harm Plaintiff's physical person by improperly and unsafely loading Plaintiff's trailers, and by also removing Plaintiff's wheel pins thereby placing Plaintiff in immediate physical harm if the trailer were to detach.

18. On November 18, 2022, Plaintiff arrived at work and discovered that his daily binder was vandalized with stickers, trash, and a pastry box inside his binder with the derogatory

and sexually harassing phrase "Crème Pie Boy" written on it.

19. Immediately following the incidents in November 2022, Plaintiff reported the ridiculing, harassing, and derogatory conduct to Plaintiff's supervisors, Chuck Praise, John Toft, and Freight Operations Supervisor Scott.

20. Despite Plaintiff's numerous reports of harassing conduct to his supervisors in November 2022, no actions were taken against Bill Patton.

21. After Plaintiff reported Bill Patton's ridiculing, harassing, and derogatory conduct to Plaintiff's supervisors, Bill Patton's conduct towards Plaintiff worsened and Plaintiff was subjected to snide, degrading remarks about his sexuality, including but not limited to being called a "fag," "pussy," and "He's got to go such Zach's (another employee of Defendant) dick!"

22. By the end of November 2022, two other employees of Defendant, Ben Schuster and Timothy Johnson, joined Bill Patton in his ridiculing, harassing, and derogatory conduct towards Plaintiff.

23. On December 6, 2022, Plaintiff finished checking his trailer and was walking across the dock when Bill Patton screamed "There's no fucking vaping on the dock you fucking asshole!" Plaintiff was not using and/or smoking a vape at the time Bill screamed at him.

24. Shortly after Plaintiff entered the building, Bill Patton stormed into the office Plaintiff was sitting in and screamed at the top of his lungs "Why are we not going to do anything to this guy?! Are you going to fucking do something about him?!" about Plaintiff in front of several other employees.

25. Plaintiff was asked by Chuck Praise to write a statement about Bill's aggressive behavior towards Plaintiff and was promised by Chuck that Bill's conduct would be handled appropriately.

26. Following the December 6, 2022 incident, Plaintiff was not allowed to clock in to work the next day and was sent home from work and was forced to change his footwear despite his work boots satisfying the company code. Simultaneously, Bill Patton made a homophobic statement to Plaintiff in front of other employees that "He's got to go put his high heels on like a bitch" and kept referring to Plaintiff as "the queen."

27. Bill Patton and Ben Schuster continued to harass Plaintiff by creating and spreading false rumors to Defendant's new employees, including but not limited to telling the new employees Plaintiff was gay, that Plaintiff used drugs, and that Plaintiff caused an accident at work. None of the statements made by Bill Patton and Ben Schuster were truthful.

28. Plaintiff once again reported Bill Patton and Ben Schuster's harassing and hostile conduct to his supervisors but nothing was done to prevent the conduct from further occurring.

29. Instead, Plaintiff was instructed by Chuck Praise to isolate himself stop using the same breakroom other employees utilized and to take his breaks in the office or in his own car.

30. Plaintiff felt immediately singled out, isolated, and humiliated that he was being forced to make workplace changes in response to his complaints of harassment compared to Bill Patton, Ben Schuster, and Timothy Johnson being reprimanded for their inappropriate and harassing conduct.

31. On December 30, 2022, Plaintiff was waiting to be dispatched for a delivery in the office with John Toft and Zach when Bill Patton came into the office and called Plaintiff a "backstabbing little bitch," a "faggot," and a "loser-ass criminal who will probably be happy to go back to jail to suck dick."

32. On December 30, 2022, Plaintiff left work early because of his embarrassment and feeling humiliated by Bill's statements in front of other coworkers.

33. On December 30, 2022, Zach reported Bill Patton's inappropriate, derogatory, and harassing comments to Chuck Praise on behalf of Plaintiff.

34. Following the December 30, 2022 incident, John Toft, Kristy Tyree, George Homan, and Mike Calvert were interviewed by Defendant regarding Bill Patton's persistent and progressive hostile and harassing behavior – all of which confirmed had been ongoing for several months.

35. On January 3, 2023, Tonya Stutt, one of Defendant's Human Resources Representatives, called Plaintiff to discuss Plaintiff's complaints and ensured Plaintiff that she'd fix things regarding Plaintiff's complaints. Tonya Stutt never arrived at Plaintiff's workplace to further investigate Plaintiff's complaints.

36. On January 5, 2023, Bill Patton hung up a photograph of Plaintiff with homophobic statements written all over the photograph.

37. On January 5, 2023, Chuck Praise removed the derogatory photograph of Plaintiff but failed to reprimand Bill Patton.

38. Immediately following the incident involving the derogatory photograph, Chuck Praise began to reprimand and discipline Plaintiff regarding his work performance, punctuality, attitude, would assign Plaintiff job tasks that were outside his job duties and descriptions, and threatened to write-up Plaintiff for improper purposes.

39. On January 9, 2023, Chuck Praise attempted to write up Plaintiff for an alleged time violation that was a systematic error.

40. On January 11, 2023, Chuck Praise required Plaintiff to move 14 individual trailers by himself without help in below freezing temperatures. Plaintiff was usually only required to move 6 trailers during the day.

41. On January 11, 2023, Plaintiff asked other drivers employed by Defendant for assistance with moving the 14 trailers and was denied assistance by his coworkers and claimed that they refused to help Plaintiff due to his sexuality and that Plaintiff should be fired due to his sexuality.

42. On January 17, 2023, Plaintiff was attempting to operate a forklift when Chuck Praise demanded that Plaintiff hurry up to which Plaintiff complied. Chuck Praise then wrote up Plaintiff for violating safety standards.

43. On January 23, 2023, Plaintiff was waiting for his manifest order when his Freight Operations Supervisor Scott handed Plaintiff a paper demanding Plaintiff to take a drug test to which Plaintiff took and passed. Simultaneously, Bill Patton made a remark "I got him now!" and laughed at Plaintiff.

44. On January 25, 2023, Plaintiff called off of work due to the overwhelming stress, embarrassment, humiliation, and emotional distress he was experiencing at work.

45. On January 26, 2023, Plaintiff observed Ben Schuster around Plaintiff's truck to which Plaintiff discovered through an inspection that one of the wheel pins had been removed from his vehicle.

46. On January 26, 2023, Plaintiff was called into Chuck Praise's office and accused Plaintiff of causing dent damage to one of the steps of trucks on January 25, 2023 to which Plaintiff denied because Plaintiff was off of work on the date the damage occurred and informed Chuck Praise of the intentionally pulled wheel pin on his vehicle.

47. On January 26, 2023, Chuck Praise then accused Plaintiff of causing damage dent damage to one of the steps of the trucks on a different date and then placed Plaintiff on "out of service" for failure to report an accident that Plaintiff was never involved in.

48. On January 28, 2023, Plaintiff received a letter from Tonya Stutt that was postmarked January 26, 2023 indicating that she had not found any evidence of sexual discrimination, but that Bill Patton created a hostile work environment.

49. Plaintiff emailed David Neider, Defendant's Human Resources Director, regarding the letter he received asking Plaintiff for a phone interview but Plaintiff requested all communication be in writing due to the hostile and toxic environment Plaintiff was forced to endure.

50. David Neider then threatened Plaintiff that he would be terminated if Plaintiff did not provide a statement during a phone interview despite Plaintiff requesting that he also wanted written communications regarding the sexual harassment and hostile work environment he was forced to endure.

51. On February 6, 2023, Plaintiff contacted Defendant's ethics hotline regarding the sexual harassment and hostile work environment Defendant forced him to endure.

52. On February 6, 2023, immediately after calling Defendant's ethics hotline, Plaintiff received an email regarding his termination of employment with Defendant.

53. On February 7, 2023, Plaintiff received a text message from Andrea Patton, Bill Patton's daughter, with a text that read "Karma is a bitch haha *middle finger emojis*"

54. Plaintiff has suffered emotional distress that resulted in medical treatment due to the ongoing, persistent, and hostile sexual harassment and retaliation he endured while employed with Defendant.

**COUNT I – SEXUAL ORIENTATION DISCRIMINATION: UNLAWFUL EMPLOYMENT PRACTICES IN VIOLATION OF 775 5/1-102(A)**

55. Plaintiff incorporates and adopts by reference paragraphs 1 through 54 as if fully stated herein.

56. During the course of Plaintiff's employment with Defendant, Defendant subjected Plaintiff to severe and unwelcome conduct based on Plaintiff's sexual orientation, including, but not limited to, conduct described in this Petition and within Plaintiff's Charge of Discrimination.

57. At all times relevant herein, Defendant's sexual orientation discriminatory conduct was severe, unwelcome, and objected to by Plaintiff, but said conduct did not cease.

58. The aforementioned sexual orientation discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

59. Defendant knew, or should have known, of the aforementioned sexual orientation offensive and discriminatory conduct, as Plaintiff expressed her concerns of discrimination with Defendant's supervisors, managers, and other co-workers.

60. Plaintiff is under information and belief that Defendant has engaged in a pattern and practice of consistently favoring and/or promoting employees that engage in sexual orientation based harassment.

61. Defendant failed to exercise reasonable care to prevent and/or promptly correct the aforementioned sexual orientation offensive and discriminatory conduct, including but not limited to, one or both of the following:

a. Failed to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees through age discrimination and/or retaliation; and/or

b. Failed to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the IHRA.

62. Plaintiff's sexual orientation actually played a role in and had a determinative influence in Defendant's disparate treatment of his and the tangible employment actions taken against him, including his termination and unnecessary disciplinary actions taken towards Plaintiff.

63. Plaintiff's sexual orientation, when reporting the harassment and discriminatory actions taken by Defendant, individually and by and through their agents and employees was, at the very least, a determinative influence in disparate treatment of his and the tangible employment actions taken against him by Defendant, including him termination and involuntarily reducing Plaintiff's hours.

64. As such, Defendant violated 775 5/1-102(A).

66. As a direct and proximate result of Defendant's actions and/or omissions and violation of 775 5/1-102(A), Plaintiff suffered intentional discrimination – based upon his age, in violation of IHRA – at the hands of DEFENDANT during the course of him employment.

67. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits.

68. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

69. By failing to take prompt and effective remedial action with respect to Plaintiff's aggressors and harassers and rather terminating Plaintiff, Defendant, in effect, condoned, ratified, and/or authorized the sexual orientation discrimination and retaliation against Plaintiff.

67. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant under the IHRA.

WHEREFORE, on Count I, Plaintiff, JONATHAN MORRISON, prays for judgment against Defendant, XPO ENTERPRISE SERVICS, LLC, in a sum in excess of $50,000.00, and for other such relief that this Court deems just and proper.

**COUNT II – RETALIATION: UNLAWFUL EMPLOYMENT PRACTICES IN VIOLATION OF 775 ILCS 5/6-101(A)**

68. Plaintiff incorporate and adopt by reference paragraphs 1 through 67 as though fully set out herein.

69. As outlined in this Petition, Plaintiff engaged in protected activities, including, but not limited to, making a verbal complaints against Plaintiff's aggressors and harassers to Defendant's management, filing a complaint with the Illinois Department of Human Rights against Defendant and filing a Charge of Discrimination with the EEOC and ICHR against Defendant based on the discrimination against Plaintiff based on Plaintiff's sexual orientation.

70. Plaintiff was subjected to further outrageous, extreme, atrocious, intolerable, severe, and pervasive discrimination based on Plaintiff's sexual orientation subsequent to reporting Plaintiff's aggressors and harassers' behavior and conduct to Defendant's management.

71. As a result of Plaintiff's attempts to protect Plaintiff's rights under the IHRA, as outlined herein, Plaintiff suffered adverse employment actions, as alleged in this Petition and within Plaintiff's Charges of Discrimination.

72. Plaintiff's attempts to protect his rights under the IHRA actually played a role in and had a determinative influence in the adverse employment actions suffered by Plaintiff, as outlined herein and within Plaintiff's Charges of Discrimination.

73. Through Defendant's conduct, as described herein and within Plaintiff's Charges of Discrimination, Defendant violated 775 ILCS 5/6-101(A).

74. As a direct and proximate result of Defendant's outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, and, in violation of 775 ILCS 5/6-101(A),

Plaintiff suffered intentional discrimination by Defendant and retaliation at the hands of and by Defendant during Plaintiff's employment with Defendant.

75. As a direct and proximate result of Defendant's outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff has been, and continue to suffer monetary and non-monetary damages.

76. As a direct and proximate result of Defendant's actions and/or omissions, as outlined herein, Plaintiff has suffered a garden variety emotional distress and other compensatory damages.

77. By failing to take prompt and effective remedial action with respect to Plaintiff's aggressors and harassers, Defendant effectively condoned, ratified, authorized, aided, abetted, incited, compelled, and/or coerced and/or attempted to do so the discrimination against Plaintiff based on Plaintiff's race and age and retaliation against Plaintiff.

78. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided for under the IHRA.

WHEREFORE, on Count II, Plaintiff, JONATHAN MORRISON, prays for judgment against Defendant, XPO ENTERPRISE SERVICES, LLC, in a sum in excess of $50,000.00, and for other such relief that this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all counts alleged herein.

Respectfully submitted,

**ONDER LAW, LLC**

By: /s/ *Breanna L. Flowers*
W. Wylie Blair, # 06285762
Breanna L. Flowers, #6334130
110 East Lockwood Avenue
St. Louis, MO 63119
Tel: (314) 963-9000
Fax: (314) 963-1700
blair@onderlaw.com
flowers@onderlaw.com

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

**IN THE MATTER OF:**

JONATHAN MORRISON,

COMPLAINANT,

AND

XPO ENTERPRISE SERVICES LLC,

RESPONDENT.

CHARGE NO. 2024SR1680

**NOTICE OF DISMISSAL AND CLOSURE**

For Complainant

Lauren Kruskall
Jungle Law
2300 Main St.
Suite 900
Kansas City, MO 64108

For Respondent

Kathryn Parham
Ogletree Deakins
300 N. Meridian St.
Suite 2700
Indianapolis, IN 46204

DISMISSAL / NOTICE DATE: April 19, 2024

**DISMISSAL**

YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause. Based upon that determination, the DEPARTMENT OF HUMAN RIGHTS (Department) finds that there is a **LACK SUBSTANTIAL EVIDENCE** to support the allegation(s) of the charge(s). Accordingly, pursuant to Section 7A-102(A-1) (3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY **DISMISSED and CLOSED**.

Complainant may commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. The civil action should be filed in the circuit court in the county where the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately**.

EEOC, John C. Kluczynski Federal Building
230 South Dearborn Street, Suite 1866
Chicago, Illinois 60604.

Complainant is hereby notified that the charge(s) are dismissed with prejudice with no right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

**PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

DEPARTMENT OF HUMAN RIGHTS

NOD&C ADOPT LSE Rev 11/01/2023

**STATE OF ILLINOIS )**
**) ss**
**COUNTY OF COOK )**

**CHARGE NO. 2024SR1680**

**AFFIDAVIT OF SERVICE**

Christina P Antony, deposes and states that s/he served a copy of the attached **NOTICE OF DISMISSAL AND CLOSURE** on each person named below by depositing the same on April 19, 2024, in the U.S. Mailbox at 555 West Monroe Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addressed as follows:

---

For Complainant

Lauren Kruskall
Jungle Law
2300 Main St.
Suite 900
Kansas City, MO 64108

For Respondent

Kathryn Parham
Ogletree Deakins
300 N. Meridian St.
Suite 2700
Indianapolis, IN 46204

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that s/he verily believes the same to be true.

Christina P Antony

**PLEASE NOTE:**

The above-signed person is responsible only for mailing these documents. If you wish a review of the findings in this case, you must complete the Request for Review form attached. Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Determination has been issued.

DocuSign Envelope ID: 4ED784DF-9E22-4FC0-ACCF-4EE7BEA5B676

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

ENTER CHARGE NUMBER
☐ FEPA
☐ EEOC

ILLINOIS DEPARTMENT OF HUMAN RIGHTS AND EEOC

| NAME | Date of Birth | HOME TELEPHONE NO. (Include Area Code) |
|---|---|---|
| Jonathan Morrison | 12/30/1991 | (217) 441-1587 |

| Street Address | City, State and Zip Code | Country |
|---|---|---|
| 1017 North 1st Street | Springfield, IL 62702 | USA |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code |
|---|---|---|
| XPO Enterprise Services, LLC | Over 500 | (217) 629-7037 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 7220 Ccx Road | Riverton, IL 62561 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION
☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE
☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE (Month, day, year)
June, 2022 – February, 2023
☒ CONTINUING ACTION

DocuSign Envelope ID: 4ED784DF-9E22-4FC0-ACCF-4EE7BEA5B676

My name is Jonathan Morrison. I worked at XPO Enterprise Services, LLC as a Driver Sales Representative starting on June 27, 2022. I am bisexual.

After a few months at work, everything began rapidly declining.

In October, driver Bill Patton was reinstated at XPO after a suspension he served for threatening another driver. That same month, Bill's daughter Andrea was terminated from XPO for her own violent behavior.

In early November, Bill started making comments about my sexuality. He called me homophobic names and spread nasty rumors about me. I also noticed that my trailers were intentionally being loaded incorrectly and unsafely. I found that somebody was pulling my fifth wheel pin, which can be deadly.

I reported this to Terminal Manager Chuck Parise, Freight Operations Supervisor John Toft, and Freight Operations Supervisor Scott.

When I arrived at work on November 18th, I discovered my daily binder was vandalized with stickers and trash, including a pastry box with the word "Crème Pie Boy" written on it. I became very upset. I again went to the terminal manager to make a complaint.

But no actions were taken. Bill continued his snide, degrading remarks regarding my sexuality regularly. He often called me a "fag" or a "pussy." He'd say other things like, "He's got to go such Zach's dick!" Zach was my coworker who had previous issues with Bill's daughter before she was fired.

When Bill didn't get in trouble for his homophobic comments, Bill's friends Ben Schuster and Timothy Johnson joined in with discrimination towards me.

On December 6th I finished checking my trailer and walked across the dock. Bill screamed, "There's no fucking vaping on the dock you fucking asshole!" While I do smoke cigarettes, I don't use a vape, and I wasn't smoking anything when Bill yelled at me. I ignored Bill and proceeded inside.

Moments later, Bill stormed into the office and screamed at the top of his lungs. "Why are we not going to do anything to this guy?! Are you going to fucking do something about him?!" Chuck attempted to talk Bill down, but Bill kept screaming. I was later asked to write a statement about Bill's tirade, as were other employee witnesses. We were told Bill would be handled.

When I next clocked into work, I was told I had to go home and change my footwear off the clock, even though my boots were correct and up to code. As I was gathering my things, Bill smugly said, "He's got to go put his high heels on like a bitch." Bill kept referring to me as "the queen." I tried to ignore him.

Bill and Ben kept it up. They talked about me being gay to a new employee, and they spread false rumors I used drugs and caused an accident. Management was fully aware Bill kept behaving like this, and they just kept telling me they were taking care of it, when clearly they were not.

In a faint attempt to keep me 'safe,' Chuck told me to stop using the breakroom the other employees used, and to take breaks in the office or my own car. This was obviously humiliating and isolating.

On December 30th I was waiting to be dispatched. John Toft and Zach were in the office with me. Bill came in and called me a "backstabbing little bitch," a "faggot" and a "loser-ass criminal (who) will probably be happy to go back to jail to suck dick."

DocuSign Envelope ID: 4ED784DF-9E22-4FC0-ACCF-4EE7BEA5B676

I left the building because I was so upset. Zach contacted Chuck. Zach and I wrote statements. Other employees including John Toft, Kristy Tyree, George Homan, Mike Calvert were interviewed. They all confirmed to management and HR about Bill's persisting and progressive discriminatory actions.

Around January 3rd, Tonya Stutt in HR called me to discuss what was going on. She apologized for everything and said she'd be in the next day or so to fix things.

She didn't come by. On January 5th I discovered Bill had hung a picture of me on the timeclock with some homophobic statements. Chuck took it down.

Notably, I had not received any kind of write up or disciplinary actions in regard to my work performance, punctuality, or attitude up until this point. But things changed. Chuck started to threaten me with write-ups for every little last thing.

On January 9th Chuck tried writing me up for an alleged time violation which was actually a system error. He also assigned me tasks that were outside of my ordinary scope.

On January 11th around 6 pm, it was freezing outside, but Chuck told me to go move 14 individual trailers by myself. The usual amount of trailers moved is about six, and they are moved in the morning. There was a large group of drivers in the breakroom, and I asked for help. The drivers refused. They claimed my sexuality was the reason I could not handle the task, and ultimately why I should be fired.

On January 17th I had strapped in an order and was about to drive my forklift when Chuck yelled at me to hurry up. I drove as fast as I could, and then Chuck wrote me up for it and gave me a safety strike.

I tried documenting all the discrimination on my phone, but both Brett and Chuck told me I could not have my phone out for safety reasons…ironically the reason I was using my phone was to protect my safety!

I also documented every time the handheld equipment failed, and reported it to management…I was terrified that my employer would use the equipment malfunctions to fire me.

On January 23rd, I was waiting for my manifest when Scott handed me a slip and told me to take a drug test. Bill commented, "I got him now!" and laughed. I took the test and passed, but I felt like I was being attacked.

I called off work on January 25th.

On the morning of January 26th, I noticed Ben was hanging around my truck. I also noticed the pin was pulled on my truck again. I was not happy.

After I finished my route that day, I was told to see Chuck in his office. Chuck asked me if I knew anything about the slight dent on the steps of the truck. I told him no and informed him about the pulled pin.

Chuck claimed the truck had been damaged on January 25th, which I reminded him was my day off. Chuck then claimed the truck was hit on the 23rd, or maybe the 24th. He claimed I was the last one to drive it, and damage was discovered around 8pm by night time driver Mark Berg.

Chuck placed me "out of service" for failure to report an accident (that I never had.) I felt helpless.

Saturday morning while I was out of service, I received an envelope in the mail postmarked January 26th. Inside was a letter from Tonya stating that they had not found any evidence of sexual discrimination, but that Bill Patton was creating a hostile work environment.

DocuSign Envelope ID: 4ED784DF-9E22-4FC0-ACCF-4EE7BEA5B676

I emailed HR Director David Neider the following morning. He wanted to do a phone interview, but I wanted to stick with email so that I had a written record. Davis pushed back alleging email was not efficient. David threatened me with termination, alleging I wasn't cooperating, but I was cooperating! I just wanted to have documentation of my complaint, because my previous complaints had gone on so long unanswered.

February 6th I contacted the ethics hotline. Just a few hours later, I received an email terminating my employment. Again, the irony of being terminated over email when my employer refused to use email to document my complaint and the investigation.

The next day, I received a text from Andrea Patton that read, "Karma is a bitch haha *middle finger emojis*

I have been sexually harassed and discriminated against based on my gender. After reporting the discrimination, I was retaliated against and terminated. But I am hopeful that we can come to some sort of resolution with the company and make positive changes going forward.

I am represented by the following Counsel:

Lauren Sierra Kruskall
Attorney at Jungle Law
2300 Main St, #900
Kansas City, MO 64108
f. #816-448-3101
c. #816-944-3680

| | |
|---|---|
| [X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br>__________ I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>3/15/2023<br>Date<br>DocuSigned by: 3E247086DF2C427...<br>(Charging Party Signature) | SIGNATURE OF COMPLAINANT DocuSigned by: 3E247086DF2C427...<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year) 3/15/2023 |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St. Louis District Office
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/15/2024

**To:** Jonathan Morrison
1017 North 1st Street
Springfield, IL 62702
Charge No: 560-2023-01583

EEOC Representative and email: WALTER HARRIS
Investigator
walter.harris@eeoc.gov

---

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 560-2023-01583.

On behalf of the Commission,

LEATHA JOHNSON Digitally signed by LEATHA JOHNSON
Date: 2024.03.15 16:02:24 -05'00'

p.p.
David Davis
District Director

**Cc:**
Amy Bennett
Ogletree Deakins
300 N MERIDIAN ST STE 2700
Indianapolis, IN 46204

Katie Bayt
Ogletree Deakins
300 N MERIDIAN ST STE 2700
Indianapolis, IN 46204

Kathryn Parham
Ogletree Deakins
6410 POPLAR AVE STE 300
Memphis, TN 38119

Penelope Kress
2300 Main st #900
KANSAS CITY, MO 64108

Lauren Kruskall
Jungle Law
2300 Main St. Ste. 900
Kansas City, MO 64108

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2023-01583 to the

District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2023-01583 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.